S05A1378. PATTERSON v. THE STATE.
(625 SE2d 395)

SEARS, Chief Justice.

The appellant, Jerry Patterson, appeals from his convictions for malice murder and burglary.[1] On appeal, he contends that the

---

[1] The crimes occurred on May 28, 2000. On July 14, 2000, Patterson was indicted for malice murder, three counts of felony murder, armed robbery, aggravated assault, and burglary. On March 28, 2001, this Court granted an application for interlocutory appeal filed by Patterson, and on February 4, 2002, this Court ruled, among other things, that the trial court erred in failing to suppress Patterson's confession to the crime. *Patterson v. State,* 274 Ga. 713 (559 SE2d 472) (2002). On March 20, 2003, a jury found Patterson guilty on all counts of the indictment except armed robbery, and, that same day, the court sentenced Patterson to life in prison for his malice murder conviction and to twenty consecutive years in prison for his burglary conviction.

evidence is insufficient to support his convictions; that the trial court erred in admitting hearsay testimony; and that the trial court erred in admitting similar crimes evidence. For the reasons that follow, we affirm Patterson's convictions.

1. The victim, 86-year-old Gladys Windsor, lived by herself in a trailer park. On Monday morning, May 29, 2000, her son, William Windsor, found her dead in her mobile home. A medical examiner determined that Ms. Windsor died from several stab wounds from a knife. Two investigating officers testified that William Windsor told them that his mother was in good health; that she generally kept large sums of cash in a bank envelope in her purse; and that she should have had about $802 from her Social Security check on the day she died. The officers found neither the victim's purse nor any money in her mobile home. William Windsor died of a heart attack before trial and thus was unable to testify. William's wife, however, testified that Gladys Windsor collected $802 from Social Security each month. She also testified that William would take her to the bank to cash her Social Security check and that he had taken Gladys Windsor to the bank on the Friday before she was found dead.

On May 28, 2000, Patterson was living with his brother and his brother's girlfriend, Trina Watkins. As of that date, Patterson had been living with his brother and Ms. Watkins for several weeks. Ms. Watkins testified that she had never seen Patterson with any money. She also added that she, Patterson, and Patterson's brother needed money for a hotel room because the water in Ms. Watkins's home had been turned off. On the morning of Sunday, May 28, 2000, Patterson left Ms. Watkins's home, stating that he was going to find some work to earn some money for them.

A resident of the trailer park in which Gladys Windsor lived testified that she saw Patterson at Gladys Windsor's home between 8:00 a.m. and 8:30 a.m. on May 28. The witness stated that Patterson attempted to get money from Windsor, but that she would not open her door. However, she told him to return later. The witness testified that she saw Patterson at various times throughout the remainder of the morning and afternoon walking around the trailer park, asking for money in exchange for doing yard work or taking out the trash. The witness last saw Patterson in the trailer park around 5:00 p.m.

---

The felony murder convictions were vacated as a matter of law, and the trial court merged the aggravated assault conviction with the conviction for malice murder. On April 7, 2003, Patterson filed a motion for new trial, and on December 8, 2004, the trial court denied that motion. On December 14, 2004, Patterson filed a notice of appeal, and on May 11, 2005, the appeal was docketed in this Court. The appeal was submitted for decision on briefs on July 4, 2005.

Trina Watkins testified that Patterson returned home around 5:30 p.m. to 6:00 p.m. Patterson gave her some money and was counting a stack of about $800 in cash. Watkins asked Patterson where he had gotten the money, and he replied that a lady he had done some work for went into the bathroom and left the money on her table in a bank envelope. He told her that he picked up the envelope and walked out the door. Patterson then gave Watkins $222 for a hotel room and left the home.

Another resident of the trailer park testified that he knew Patterson, and that, about 9:00 p.m. on May 28, he was parked in his van on a street near the trailer park and saw Patterson walking down the street. The witness added that Patterson offered to pay him $15 if the witness would drive Patterson to a hotel that was approximately a quarter of a mile from where they were talking. The witness drove Patterson to the hotel, and Patterson then asked the witness to pick up a woman and bring her to the hotel and to stop and buy some beer and cigarettes. The witness testified that Patterson paid him another $15 for these errands, and that the woman later told him that Patterson had given her $60. The witness stated that he had never known Patterson to have even $50. The State also introduced evidence that Patterson paid $58 in cash to stay in the hotel on the night of May 28.

In a statement that Patterson gave to the police,[2] he admitted that he worked for the victim on the day of her death and that she paid him $20, but he denied that he harmed her. In his statement, Patterson stated that he emptied the victim's kitchen trash can for her, but one of the investigating officers testified that the kitchen trash can was full on the morning of May 29 when he arrived at the victim's home to investigate her death.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Patterson guilty beyond a reasonable doubt of the crimes for which he was convicted.[3]

2. Patterson contends that the statements made by William Windsor to the two investigating officers were inadmissible under *Crawford v. Washington*,[4] and that the trial court erred in permitting the two officers to testify to those statements. However, because

---

[2] This statement was not excluded from evidence by our prior decision in this case. *Patterson*, 274 Ga. 713.

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004).

Patterson did not object to the statements on Sixth Amendment grounds at trial, he is procedurally barred from raising this issue on appeal.[5]

3. Patterson also contends that the trial court erred in admitting evidence that he attempted to stab another inmate with a homemade knife while in prison. We conclude, however, that, even if the trial court erred in admitting evidence of the independent crime, the error was harmless given the strength of the evidence against Patterson.[6]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 17, 2006.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Marc A. Mallon*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Vonnetta L. Benjamin*, Assistant Attorney General, for appellee.

---

[5] *Walton v. State*, 278 Ga. 432, 434 (603 SE2d 263) (2004).

[6] *McGee v. State*, 267 Ga. 560, 564 (480 SE2d 577) (1997).